IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Robert Lee Schmadl** | ) | |
|     **Plaintiff** | ) | C. A. File No. |
| | ) | 4:19-cv- |
| v. | ) | |
| | ) | |
| **Jawsre, L.L.C. d/b/a Executive Catering,** | ) | Jury Trial Requested |
| **and Jack Edward Adcox** | ) | |
|     **Defendants** | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Robert Lee Schmadl, and complains of Jawsre, L.L.C. d/b/a Executive Catering and Jack Edward Adcox (hereinafter collectively referred to as "Defendants"), and for cause of action, would respectfully show the Honorable Court as follows:

### INTRODUCTION AND SUMMARY OF SUIT

1. Robert Lee Schmadl ("Plaintiff" or "Mr. Schmadl") brings this civil action to recover unpaid overtime wages and misappropriated tips pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Defendants own and operate a catering business. Mr. Schmadl worked for the Defendants as a cook and server. Although Mr. Schmadl received tips from Defendants' catering clients, Defendants misappropriated such tips in violation of the FLSA.

3. 29 U.S.C. § 203(m)(2)(B) states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

4. Defendants violated 29 U.S.C. § 203(m)(2)(B) by misappropriating the tips Mr. Schmadl earned at catering events where he served food to Defendants' customers.

5. Defendants also failed to pay Mr. Schmadl his overtime wages in violation of the

FLSA. Mr. Schmadl routinely worked between 50 to 70 hours a week for the Defendants, yet he did not receive overtime wages as required under the FLSA. *See* 29 U.S.C. § 207(a).

6. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages and tip income to Mr. Schmadl.

7. Plaintiff demands a jury trial on all issues that may be tried to a jury.

### SUBJECT MATTER JURISDICTION AND VENUE

8. Plaintiff brings this action to recover unpaid overtime wages and misappropriated tip income from the Defendants pursuant to the FLSA, a federal statute that confers subject matter jurisdiction upon the Court. *See* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

### PARTIES AND PERSONAL JURISDICTION

10. Plaintiff, **Robert Lee Schmadl**, is a resident of Harris County, Texas.

11. Defendant, **Jawsre, L.L.C. d/b/a Executive Catering**, is a business operating in the State of Texas and is doing so for the purpose of accumulating monetary profit. This Defendant may be served with summons and complaint by serving its duly appointed registered agent, Jack Edward Adcox, at 623 W. Texas Avenue, Baytown, Texas 77520.

12. Defendant, **Jack Edward Adcox,** is an individual that may be served at his place of business at 623 W. Texas Avenue, Baytown, Texas 77520. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas.

13. Whenever in this complaint it is alleged that the one or more of the above named defendants committed any act or omission, it is meant that in addition to the defendants,

defendants' agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such defendant or was done in the routine normal course and scope of employment of defendants' agents, servants, or employees.

## FLSA COVERAGE

14. At all material times, each Defendant has been an "employer" within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Plaintiff has been an "employee" within the meaning of 29 U.S.C. § 203(e).

16. At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

17. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206-207.

## FACTS

20. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. During the relevant period, Defendants have been subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq*.

22. Defendants employed Mr. Schmadl as a cook and server at their catering business, Executive Catering, from October 2014 until November 12, 2018.

23. Mr. Schmadl's job duties included cooking for Defendants' catering events and serving food to Defendants' customers at the catering events.

24. Mr. Schmadl typically worked between 50 to 70 hours a week for the Defendants.

25. Mr. Schmadl received a fixed wage of $918.00 a week.

26. Mr. Schmadl did not receive any overtime wages in addition to his fixed wage.

27. Further, approximately three weeks after Hurricane Harvey (which occurred August 25 to 29, 2017), Defendants stopped paying Mr. Schmadl the tips he had earned during catering events, which were typically an additional 15-20% of each catering event bill. The tips were misappropriated and kept by the Defendants. Notably, during Hurricane Harvey and the three weeks that followed, Mr. Schmadl received only 50% of the total tips, and prior to Hurricane Harvey, Plaintiff was receiving 75% of the total tips.

28. Plaintiff now seeks from Defendants all unpaid overtime wages and all misappropriated tip income.

## CAUSE OF ACTION
## AND DAMAGES SOUGHT

Violation of the FLSA – Unpaid overtime wages and misappropriated tips

29. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

30. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

31. Additionally, 29 U.S.C. § 203(m)(2)(B) states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

32. Defendants violated 29 U.S.C. § 203(m)(2)(B) by misappropriating the tips Mr. Schmadl earned at catering events where he served food to Defendants' customers.

33. Defendants' violations of the FLSA were willful.

34. 29 U.S.C. §216(b) states that "[a]ny employer who violates section 3(m)(2)(B) shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

35. Mr. Schmadl seeks (a) all unpaid overtime wages, (b) all tips unlawfully misappropriated by the Defendants, and (c) liquidated damages in amounts equaling the unpaid overtime and the misappropriated tips.

36. Further, Mr. Schmadl seeks from the Defendants his attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

37. Mr. Schmadl seeks to recover post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## JURY DEMAND

38. Mr. Schmadl makes a formal demand for jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Robert Lee Schmadl respectfully requests that upon jury trial and verdict in his favor, the Honorable Court enter a Final Judgment against Defendants Jawsre, L.L.C. d/b/a Executive Catering and Jack Edward Adcox, assessing jointly and severally, the following:

    a. Declare that the Defendants violated 29 U.S.C. § 207, by failing to pay Mr. Schmadl overtime wages at one and one half times his base hourly rate for all hours he worked

      in excess of 40 during each seven-day workweek;

b. Declare that the Defendants misappropriated Mr. Schmadl's tip income in violation of 29 U.S.C. § 203(m)(2)(B);

c. Declare that Defendants' violations of the FLSA are willful;

d. Order Defendants to pay all overtime wages due, all misappropriated tip income, liquidated damages, Plaintiff's reasonable attorneys' fees, and costs of litigation;

e. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, awarded against the Defendants; and,

f. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff.

            Respectfully submitted,

            **ALI S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
        **Salar Ali Ahmed**
        Federal Id. No. 32323
        State Bar No. 24000342
        One Arena Place
        7322 S.W. Freeway, Suite 1920
        Houston, Texas 77074
        Telephone: (713) 223-1300
        Facsimile: (713) 255-0013
        aahmedlaw@gmail.com

        **Attorney for Plaintiff**
        **Robert Lee Schmadl**